IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.,* | Chapter 11 |
| | Case No. 17-12560 (BLS) |
| Remaining Debtors. | |
| | (Jointly Administered) |
| | |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC *et al.,* | Adv. Proc. No. 19-50576 (BLS) |
| Plaintiff, | |
| v. | |
| IRA SERVICES TRUST COMPANY, CUSTODIAN FOR THE BENEFIT OF JAMES C. CHANG; JAMES C. CHANG, | |
| Defendants. | |

**ANSWER**

AND NOW COMES James C. Chang ("Defendant"), by and through his attorneys, Winget, Spadafora & Schwartzberg, LLP, and hereby files the instant Answer to the Complaint, in support of which he avers as follows:

**Nature of the Action**

1. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

1

## The Parties

2. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

3. Admitted.

## Jurisdiction and Venue

4. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

5. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

6. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

7. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

8. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

## Case Background

9. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

10. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

## Facts

11. Denied. Paragraph 11 references a document which speaks for itself. All summations,

12. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

13. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

14. Denied. Defendant has insufficient knowledge to inform a belief as to the veracity of the averments in this paragraph. Accordingly, the same are denied.

15. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

16. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

17. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

18. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

19. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

**First Claim for Relief**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

20. Defendant incorporates his responses to the foregoing allegations as if set forth in full.

21. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

22. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

23. Denied as stated. Defendant received principal and interest payments in the ordinary course of business from Woodbridge affiliated entities.

24. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

25. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

26. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

27. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

28. Admitted.

29. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

**Second Claim for Relief**
**(Recovery of Property – 11 U.S.C. §550)**

30. Defendant incorporates his responses to the foregoing allegations as if set forth in full.

31. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

32. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

33. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

### Third Claim for Relief
### (To Avoid Intentionally Fraudulent Transfers under
### 11 U.S.C. §§544(b) and 548(a)(1)(A), and Cal Civ. Code § 3439, *et. seq.*)

34. Defendant incorporates his responses to the foregoing allegations as if set forth in full.

35. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

36. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

### Fourth Claim for Relief
### (Recovery of Property - 11 U.S.C. §§544(b) and 550 and Cal Civ. Code § 3439, *et. seq.*)

37. Defendant incorporates his responses to the foregoing allegations as if set forth in full.

38. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

39. Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, said averments are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

40. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

41. The payments made by the Woodbridge affiliated entities to Defendant were made, in whole or in part, in the ordinary course of business pursuant to 11 U.S.C. §547(c)(2).

### Third Affirmative Defense

42. Plaintiff has failed to satisfy a prima facie claim for avoidance under 11 U.S.C. §547(b), as one or all of the elements of 11 U.S.C. §547(b) are not satisfied.

### Fourth Affirmative Defense

43. The claims set forth in the Complaint are barred under the doctrine of waiver.

### Fifth Affirmative Defense

44. The claims set forth in the Complaint are barred under the doctrine of unclean hands.

### Sixth Affirmative Defense

45. The claims set forth in the Complaint are barred under the doctrine of laches.

### Seventh Affirmative Defense

46. Plaintiff is estopped from asserting the Claims set forth in the Complaint.

### Eighth Affirmative Defense

47. All transfers from the Woodbridge affiliated entities to Defendant were made in exchange for reasonably equivalent consideration.

### Ninth Affirmative Defense

48. The Woodbridge affiliated entities were solvent at all relevant times and no transfers to Defendant rendered these entities insolvent.

### Tenth Affirmative Defense

49. Defendant's assets are protected by virtue of being held within an individual retirement account.

### Eleventh Affirmative Defense

50. Defendant was not an insider of the Woodbridge affiliated entities.

## Twelfth Affirmative Defense

51.     Defendant expressly incorporates all defenses pursuant to 11 U.S.C. §547(c) and reserves the right to assert any other affirmative defense and reserved the right to file an Amended Answer asserting the same.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff together with costs and any other relief this Court deems appropriate.

|  |  |
|---|---|
|  | **WINGET, SPADAFORA & SCHWARTZBERG LLP** |
| Dated: December 11, 2019 |   /s/ Joel Wertman<br>Joel Wertman (pro hac forthcoming)[1]<br>Douglas Fogle (pro hac forthcoming)<br>1528 Walnut Street, Suite 1502<br>Philadelphia, PA 19102<br>Telephone: (215) 433-1500<br>Facsimile: (215) 433-1501<br>Wertman.j@wssllp.com<br>Fogle.d@wssllp.com<br>Attorneys for Defendant<br>James C. Chang |

---

[1] Pursuant to Rule 9010-1(d) of the Local Rules for the United State Bankruptcy Court for the District of Delaware, Counsel for Defendant will associate with Delaware Counsel within the timeframe prescribed by Rule 9010-1(d).

## **CERTIFICATE OF SERVICE**

I, Douglas G. Fogle, Esquire, hereby certify that I caused a copy of the instant Motion to be served via ECF, upon the following:

> Bradford J. Sandler
> Andrew W. Caine
> Colin R. Robinson
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899-8705
> Telephone: (302) 652-4100
> Facsimile: (302) 652-4400
> jspomerantz@pszjlaw.com
> crobinson@pszjlaw.com
> *Attorneys for Plaintiff*

                                              /s/ Douglas G. Fogle
                                              Douglas G. Fogle

Date: December 11, 2019